No. 23-2478

---

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

KEVIN JOHNSON,
*Plaintiff-Appellant,*

v.

MARTIN PURDUE, ET AL.,
*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:21-cv-201-JMS-MG
The Honorable Jane Magnus-Stinson, Judge.

---

## JOINT BRIEF OF APPELLEES

---

Abigail Recker, #32071-29
OFFICE OF INDIANA ATTORNEY
GENERAL TODD ROKITA
302 W. Washington Street
Ind. Gov. Center South-5th Floor
Indianapolis, Indiana 46204
317-234-7103
Abigail.Recker@atg.in.gov
*Counsel for Defendants-Appellees*
*Robert Carter and Dushan Zatecky*

Rachel D. Johnson, #30591-49
STOLL KEENON OGDEN PLLC
334 North Senate Avenue
Indianapolis, Indiana 46204-2770
317-464-1100
Rachel.Johnson@skofirm.com
*Counsel for Defendants-Appellees,*
*Ciemone Easter-Rose, Dawn Ingalls,*
*Gregg Noll, DDS, Patricia Northcut,*
*Martin Purdue, and Wexford of*
*Indiana, LLC*

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: <u>23-2478</u>

Short Caption: <u>Kevin Johnson v. Martin Purdue, et al.</u>

      To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, of a private attorney representing a governmental party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed.R. App. P. 26.1.

      The Court prefers that the disclosure statement be filed immediately following docketing; but the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

      **Ciemone Easter-Rose, Dawn Ingalls, Gregg Noll, DDS, Patricia Northcutt, Martin Purdue, and Wexford of Indiana, LLC**

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

      **Stoll Keenon Ogden PLLC**

(3)  If the party or amicus is a corporation:
      i) Identify all its parent corporations, if any: **Wexford of Indiana, LLC is a wholly owned subsidiary of the Bantry Group Corporation.**
      ii) list any publicly held company that owns 10% or more of the party's or amicus' stock: **The Bantry Group Corporation owns 100% of Wexford of Indiana, LLC. All entities are private, and therefore are not publicly held corporations.**

---

Attorney's Signature: <u>/s/ Rachel D. Johnson</u>  Date: <u>August 01, 2023</u>
Attorney's Printed Name: **Rachel Dubin Johnson, #30591-49**
Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). Yes **X** No___
Address: **Stoll Keenon Ogden PLLC, 334 N. Senate Avenue, Indianapolis, Indiana 46204**
Phone Number: **317-464-1100**  Fax Number: **317-464-1111**
Email Address: <u>Rachel.Johnson@skofirm.com</u>

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. iii

STATEMENT OF THE ISSUES .................................................................... 3

STATEMENT OF THE CASE ....................................................................... 3

SUMMARY OF THE ARGUMENT ............................................................ 9

ARGUMENT .................................................................................................. 11

   I.  This Court does not have jurisdiction over Johnson's post-judgment motion.. 11

   II.  Johnson waived any challenge to the district court's summary judgment order because he does not challenge the merits on appeal......................................... 13

   III.  The district court correctly denied Johnson's post-judgment motion because the judgment was not void as Johnson received adequate process. ............... 14

       A.   Johnson is not entitled to reversal based on the district court's characterization of his post-judgment motion because he was not prejudiced. ............................................................................................... 15

       B.   Johnson had sufficient due process and therefore the order granting summary judgment was not void. ........................................................... 19

CONCLUSION.................................................................................................. 24

FED. R. APP. P. 32(g) WORD COUNT CERTIFICATE ........................... 25

CERTIFICATE OF SERVICE .................................................................... 26

# TABLE OF AUTHORITIES

**Cases**

*Banister v. Davis*, 590 U.S. 504 (2020) ........................................................ 16

Borrero v. City of Chicago, 456 F.3d 698 (7th Cir. 2006) ........................... 16

*Bryant v. Madigan*, 91 F.3d 994 (7th Cir. 1996) ....................................... 20

*Burks v. Wisconsin Dep't of Transp.*, 464 F.3d 744 (7th Cir. 2006) .......... 19

*Charles v. Daley*, 799 F.2d 343 (7th Cir. 1986) ......................................... 15

*Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939 (7th Cir. 2013) ............. 14, 15, 16, 17

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) ...................... 19

*Gilmore v. Anderson*, 2023 WL 4118577 (7th Cir. June 22, 2023) ..................... 12, 14

*Grun v. Pneumo Abex Corp.*, 163 F.3d 411 (7th Cir. 1998) ................................ 14, 19

*Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006) ...................... 18

*Hill v. Baxter Healthcare Corp.*, 405 F.3d 572 (7th Cir. 2005) ................. 14

*Ho v. Abbot Laboratories, Inc.*, 618 F. App'x 852 (7th Cir. 2015) ............. 12

*Jones v. Simek*, 193 F.3d 485 (7th Cir. 1999) ........................................... 20

*Katerinos v. U.S. Dep't of Treasury*, 368 F.3d 733 (7th Cir. 2004) ............ 12

*Kincaid v. Vail*, 969 F.2d 594 (7th Cir. 1992) ........................................... 20

*Koski v. Standex Intern Corp.*, 307 F.3d 672 (7th Cir. 2002) ..................... 19

*Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601 (7th Cir. 2021) ................ 15, 16

*Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin*, 957 F.2d 515 (7th Cir. 1992) ................................................................... 15

*Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) .................................... 20, 21

*Nestorovic v. Metropolitan Water Reclamation District of Greater Chicago*, 926 F.3d 427 (7th Cir. 2019) .................................................................. 11, 13

*New York Life Insurance Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996) ................. 22, 23

*Obriecht v. Raemisch*, 517 F.3d 489 (7th Cir. 2008) ................................... 16, 17

*Orozco v. Dart*, 64 F.4th 806 (7th Cir. 2023) ........................................... 19

*Peacher v. Talbot*, 840 F. App'x 37 (7th Cir. 2021) .................................. 17

*Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851 (7th Cir. 2011)........................ 14

*Price v. Wyeth Holdings Corp.*, 505 F.3d 624 (7th Cir. 2007) ................................. 19

*Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701 (7th Cir. 2014) .......... 11

*Sosebee v. Astrue*, 494 F.3d 583 (7th Cir. 2007)............................................. 12

*Stewart v. McGinnis*, 5 F.3d 1031 (7th Cir. 1993) ............................................ 1

*Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992) ............................................... 20

*Trask v. Rodriguez*, 854 F.3d 941 (7th Cir. 2017) ..................... 13, 20, 21, 22

*United States v. Crisp*, 820 F.3d 910 (7th Cir. 2016) ................................. 13

*United States v. Whitlow*, 740 F.3d 433 (7th Cir. 2014)............................. 13

*Wall Guy, Inc. v. Federal Deposit Insurance Corp.*,
  95 F.4th 862 (4th Cir. 2024)............................................................ 13

*Zinermon v. Burch*, 494 U.S. 113 (1990)........................................... 19

**Statutes**

28 U.S.C. § 1291 ........................................................................ 2

28 U.S.C. § 1331 ........................................................................ 1

28 U.S.C. § 1343 ........................................................................ 1

28 U.S.C. § 2107 ....................................................................... 11

42 U.S.C. § 1983 ........................................................................ 1

**Rules**

Fed. R. App. P. 4 .................................................... 2, 11, 14, 15

Fed. R. Civ. P. 56 ........................................................... 19, 20

Fed. R. Civ. P. 59 ......................................................... passim

Fed. R. Civ. P. 60 ......................................................... passim

N.D. Ind. L.R. 56-1 .......................................................... 20

**Other Authorities**

Virginia Department of Corrections Inmate Locator, available at
  https://vadoc.virginia.gov/general-public/inmate-locator/........................ 1

# JURISDICTIONAL STATEMENT

The appellant's amended jurisdictional statement is not complete and correct. Kevin Johnson sued John Purdue, Dr. Easter-Rose, Ms. Northcutt, Dr. Noll, D. Ingalls, and Wexford of Indiana, LLC (collectively, Medical Defendants), and former Indiana Department of Correction Commissioner Robert Carter and Warden Dushan Zatecky (collectively, State Defendants) under 42 U.S.C. § 1983 alleging they violated his Eighth Amendment rights by being deliberately indifferent to his mental health and dental care needs (R.1; R.2; R.20). Johnson sought damages against all Defendants in their personal capacity and injunctive relief against State Defendants in their official capacities and Medical Defendants (R.1 at 3; 31).[1] The district court had subject matter jurisdiction over Johnson's claims under 28 U.S.C. §§ 1331 and 1343 because he alleged a violation of his federal constitutional rights.

On June 22, 2023, the district court granted summary judgment in favor of Defendants (R.129) and entered final judgment the same day (R.130). On July 17, 2023, Johnson timely moved to vacate the summary judgment order (R.135). On

---

[1] To the extent Johnson was still requesting injunctive relief by the time of the summary judgment proceedings—which is unclear, Johnson has no standing to do so. Johnson is no longer incarcerated in Indiana and he is not serving an Indiana sentence. He is instead incarcerated in Virginia. *See* Virginia Department of Corrections Inmate Locator, available at https://vadoc.virginia.gov/general-public/inmate-locator/ (last viewed May 17, 2024). Because Johnson is no longer under the care and custody of State Defendants, and Medical Defendants have no control over his medical care, he has no standing to seek injunctive relief. *See Stewart v. McGinnis*, 5 F.3d 1031, 1038 (7th Cir. 1993) (holding that the prisoner did not have standing to seek injunctive relief against the defendants where he was no longer incarcerated at that facility and there was no indication he would be returned there in the future).

July 27, 2023, Johnson filed his notice of appeal (R.135). On October 2, the district court denied Johnson's motion to vacate the judgment (R.144). Johnson did not file an amended notice of appeal (*see* docket).

This Court has jurisdiction over the order denying summary judgment under 28 U.S.C. § 1291 because it is a timely appeal from a final judgment as to all parties and all claims. *See* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered"). But for the reasons explained in Part I of the Argument, this Court lacks jurisdiction over the order denying Johnson's post-judgment motion because he did not file an amended notice of appeal after the court ruled on his post-judgment motion and he is only appealing that order. *See* Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) … must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule").

Because this Court does not have jurisdiction over the order denying Johnson's post-judgment motion, this appeal is limited to the district court's original order entering summary judgment for Defendants.

## STATEMENT OF THE ISSUES

I.      Whether this Court has jurisdiction over the order denying Johnson's post-judgment motion.

II.     Whether Johnson waived any challenge to the merits of the summary judgment order because he does not challenge them on appeal.

III.     Whether the district court correctly denied Johnson's post-judgment motion because he received sufficient due process.

## STATEMENT OF THE CASE

While Johnson was incarcerated in the Indiana Department of Correction at Pendleton Correctional Facility, he sought and received treatment for both dental and mental health needs (R.124-1; R.124-4). At that time, Dr. Rose, Mr. Purdue, Dr. Noll, Ms. Ingalls and Ms. Northcutt were employed by Wexford of Indiana, LLC., the Department's contracted medical provider (R.123). Dr. Noll and Ms. Ingalls provided dental treatment to Johnson and did not observe a serious dental need that would have required Johnson to receive any additional dental procedures, treatment, or appointments to be scheduled (R.124-1 ¶¶9–13, 19–21, 23). Dr. Noll did have to replace one of Johnson's fillings (R.124-1 ¶¶19–20). Dr. Noll opined that there are several reasons fillings fail, such as "seal failure due to weakening over time, severe tooth decay, or pressure from chewing or grinding," and he did not believe that fillings failed due to equipment failure (R.124-1 ¶18).

Dr. Rose, a licensed psychologist at Pendleton, tried to provide Johnson with mental health treatment shortly after Johnson's arrival to the facility (R.124-4 ¶¶1–

2, 16). Johnson had not been diagnosed with a serious mental illness and he showed no symptoms of suffering from a serious mental illness that would have prevented his placement in restrictive housing (R.124-4 ¶26). Dr. Rose explained that under the Department's Health Care Services Directive, Johnson needed to provide informed consent before undertaking any therapeutic intervention—other than crisis management—and that if the offender fails to sign the form, treatment cannot be provided (R.124-4 ¶¶9, 17). Johnson refused to sign the consent form (R.124-4 ¶17), but after Johnson was transferred to restrictive housing, mental health staff, including Ms. Northcutt and Mr. Purdue, continued to monitor Johnson's mental health needs and did not note any changes (R.124-4 ¶19).

Commissioner Carter, who was then the Commissioner of the Department, is not a licensed medical provider and played no role in treatment decisions for offenders (R.126-2 ¶¶6–9). Commissioner Carter had no knowledge of any alleged deficient dental equipment being used at Pendleton Correctional Facility (R.126-2 ¶10). Similarly, Warden Zatecky is also not a medical professional and does not treat offenders or decide on a course of treatment for them (R.126-3 ¶¶6–9). Johnson submitted a grievance to Warden Zatecky about the alleged faulty dental equipment, but Warden Zatecky denied the grievance because Johnson's filling was being replaced, and Warden Zatecky deferred to the medical providers' judgment about whether the equipment could be used to complete a procedure (R.126-3 ¶¶11–14; R.126-4).

Johnson sued State Defendants and Medical Defendants alleging they violated his rights under the Eighth Amendment with regard to the mental health and dental care he received at Pendleton Correctional Facility (R.1; R.2; R.20).[2] Specifically, Johnson alleged that Mr. Purdue, Dr. Easter-Rose, and Ms. Northcutt denied him mental health care because he was forced to sign a consent form; that Dr. Noll and Dr. Ingalls failed to provide him proper dental care; and that Commissioner Carter, Warden Zatecky, and Wexford were aware that the prison's dental equipment was not working and did not fix the faulty equipment (R.1; R.20).

After Johnson filed his complaint, mail from the courts for Johnson was returned as undeliverable in July 2021, because Johnson was no longer at Wabash Valley Correctional Facility (R.51). In October that year, the district court noted a change of address for Johnson (R.71; R.70). In November, 2021, mail sent to Johnson at the Southern Ohio Correctional Facility was returned as undeliverable (R.75). The court resent Johnson's mail to the Nottoway Correctional Center (R.76).

On April 14, 2022, State Defendants moved for summary judgment (R. 94; R.95) and sent notice to Johnson at Nottoway Correctional Facility informing him of his right to respond (R.96). Medical Defendants subsequently moved for summary judgment (R.105; R.106; R.107) and sent Johnson notice of his right to respond

---

[2] Johnson initially also raised claims related to his legal property and long-term placement in disciplinary restrictive housing, but the district court severed his claims related to his mental health and dental care into this action (R.2). This district court screened Johnson's newly severed claims and allowed his Eighth Amendment deliberate indifference claims against the individual Defendants and his claim against Wexford as to injuries resulting from a practice, policy, or custody to proceed (R.20).

(R.108). In October 2022, Johnson updated his address to Sussex 1 State Prison (R.114). After that, his mail was again returned as undeliverable (R.117; R.120). Johnson then updated his address to the Virginia Department of Corrections (VA DOC) Central Mail Distribution Center (R.119).

The district court denied Defendants' respective motions for summary judgment without prejudice due to Johnson's failure to respond and Johnson's indication that he had not received any motion for summary judgment (R.121). The district court gave Defendants 14 days to refile their respective motions and to re-serve Johnson at the address included in the order (R.121). The district court gave Johnson 28 days after service to respond (R.121). The district court noted that if Defendants received notification that the motions were not delivered, they were to notify the district court, and that "in the future, if Mr. Johnson wishes to request that the Court take some action in this case, he is encouraged to file a Motion rather than a Notice" (R.121). The district court served Johnson with the order at the VA DOC Central Mail Distribution Center (R.121).

That same day, on January 19, 2023, Medical Defendants again moved for summary judgment and sent Johnson notice of his right to respond to the address listed for the VA DOC Central Mail Distribution Center (R.122; R.123; R.124; R.125). On January 31, 2023, State Defendants also moved for summary judgment a second time and sent Johnson notice of his right to respond to the VA DOC Central Mail Distribution Center (R. 126; R. 127; R. 128). The motions for summary judgment were not returned as undeliverable (R.138 at 2; R.140 at 2). Johnson did

not respond or submit any other motion to the district court in the five months between when State Defendants re-moved for summary judgment and when the district court granted Defendants' motions (*see* docket).

On June 22, the district court granted Defendants' pending motions for summary judgment (R. 129). The district court found that Dr. Noll and Dental Assistant Ingalls were not deliberately indifferent because "every time Dr. Noll and Ms. Ingalls saw Mr. Johnson for his dental concerns, they evaluated and treated him according to their evaluation" and there is no evidence Dr. Noll or Ms. Ingalls were responsible for the "old moist airlines or failed to keep the airlines dry while restoring Mr. Johnson's tooth (R.129 at 8–9). As to Wexford, the district court found that there was no evidence that Wexford's policy or practice led to failure to maintain the dental equipment (R.129 at 10). As to Commissioner Carter, the district court found there was no evidence that Commissioner Carter was personally responsible for the alleged faulty equipment (R.129 at 11). As to Warden Zatecky, the district court found that the only evidence of Warden Zatecky's knowledge regarding the alleged faulty equipment was a grievance and Warden Zatecky was aware that Johnson was being treated and that the filling that did not properly dry had been replaced (R.129 at 11). Finally, as to Johnson's mental health claim against Mr. Purdue, Dr. Easter-Rose, and Ms. Northcutt, the district court found that the Department's policy required Johnson to sign a consent for treatment and limits to confidentiality form, and that after Johnson refused to sign the form, he was regularly offered treatment and was not found to have a serious mental illness

(R.129 at 12).

On July 17, Johnson moved to vacate the order granting summary judgment (R.134). Johnson claimed, under the penalties for perjury, that he did not receive the summary judgment motions and that he had been "met with repeated obstacles to pursing this and other court actions since returning to the Virginia Department of Corrections," including not receiving mail (R.134 at 1). He also alleged that the Virginia Department officials denied him access to the use of the law library and denied him access to his personal property (R.134 at 1–2).

Defendants responded in opposition to Johnson's motion to vacate the judgment asserting they had served Johnson with their respective motions for summary judgment. (R.138; R.140). Specifically, State Defendants contended that Johnson demonstrated he was able to receive mail at his current facility because he had received the district court's orders, and he demonstrated he was able to send mail by his notice of change of address and his recent filings, including his motion for contempt proceedings and court intervention and motion to vacate the order granting summary judgment (R.140 at 2–3). Defendants each argued they would be prejudiced if the district court granted Johnson's motion because they had already served Johnson two motions for summary judgment and providing further opportunity for additional summary judgment briefing would delay the case (R.138 at 3; R.140 at 3–4).

On October 2, the district court denied Johnson's motion to vacate the judgment (R.144). The district court treated Johnson's motion as a Rule 59(e)

motion because it had been filed within 28 days of the judgment (R.144 at 1). The district court found that Johnson failed to identify any error of law or fact in the district court's ruling (R.144). The district court noted that "while Mr. Johnson states that he did not receive the defendants' filings, he had notice that they should be filed promptly and that he should file a motion if he needed the Court to take a requested action, such as sending him a docket sheet or directing re-service of the summary judgment motions" (R.144 at 2). The district court further found that Johnson instead "did nothing to ensure he had received everything that had been filed" (R.144 at 2).

## SUMMARY OF THE ARGUMENT

I.     This Court does not have jurisdiction over the order denying Johnson's post-judgment motion because Johnson did not file an amended notice of appeal as required. Johnson filed his notice of appeal after he filed his post-judgment motion, but before the district court ruled on it. Once the district court ruled on the motion, Johnson did not file an amended notice of appeal as required by the Federal Rules of Appellate Procedure. Because the filing of a notice of appeal is a jurisdictional prerequisite, this Court does not have jurisdiction over the order denying Johnson's post-judgment motion.

II.    Johnson has waived his appeal of whether the district court correctly granted summary judgment as to the merits of his Eighth Amendment claims because he does not challenge them on appeal. Instead, Johnson's argument focuses

solely on the denial of his post-judgment motion unrelated to the Eighth Amendment claim.

III.    The district court correctly denied Johnson's post-judgment motion regardless of whether it was a Rule 59(e) or a Rule 60(b) motion. The district court construed Johnson's post-judgment motion as a Rule 59(e) motion because it was filed within 28 days of the summary judgment ruling. This was a reasonable characterization given the years of cases condoning this practice. But regardless, even if Johnson's motion was a Rule 60(b) motion, he cannot show prejudice and is not entitled to reversal. A Rule 59(e) motion has a standard that is less burdensome than a Rule 60(b) and regardless of which rule he filed his motion under, he was not entitled to relief.

Johnson failed to show that his due process rights were violated when the district court granted summary judgment in favor of Defendants. Johnson was on notice that the Defendants would be re-filing their respective motions for summary judgment within 14 days of the district court's January 19 order denying Defendants' first motions for summary judgment without prejudice. Johnson admitted receiving this order. Defendants each filed and served their motions within the allotted 14-day time period and the district court provided a procedure if either of the defendants received notice that the mail was undeliverable. Instead of inquiring about the status of those motions when he allegedly did not receive them, Johnson did nothing for five months until the district court granted the motions. Johnson had an opportunity to respond and failed to avail himself of that

opportunity. It is not as if Johnson had no clue that Defendants would be moving for summary judgment and therefore should not have been on alert when he did not receive them. The district court thus correctly denied Johnson's motion whether it was a Rule 59(e) or a Rule 60(b) motion.

This Court should accordingly affirm the judgment.

## ARGUMENT

### I.
### This Court does not have jurisdiction over Johnson's post-judgment motion.

This Court does not have jurisdiction over the district court's order denying Johnson's post-judgment motion because Johnson did not file an amended notice of appeal after the court ruled on the motion. This Court's jurisdiction is contingent on the appellant filing a notice of appeal within 30 days of entry of judgment. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *see also Nestorovic v. Metropolitan Water Reclamation District of Greater Chicago,* 926 F.3d 427, 430–31 (7th Cir. 2019); *Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 706 (7th Cir. 2014).

Federal Rule of Appellate Procedure 4(a)(4)(B)(ii) provides that "[a] party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) [including a Rule 59(e) and a 60(b) motion] … must file a notice of appeal, or an amended notice of appeal–in compliance with Rule 3(c)—within the time prescribed by this Rule." In *Katerinos v. U.S. Dep't of Treasury*, this Court explained that when an appellant files a premature notice of appeal after judgment, but before the district court rules on a post-judgment motion, the notice of appeal does not become

effective until the post-judgment motion is ruled on. 368 F.3d 733, 738 (7th Cir. 2004). Then, "[a]ny new issues raised or old issues resolved by the disposition of the post-judgment motion may then be brought to this court's attention, either by filing a timely amended notice of appeal or as a motion to withdraw or strike the appeal." *Id.* This Court has recognized this jurisdictional requirement in several other cases. *See e.g., Gilmore v. Anderson*, 2023 WL 4118577, at *2 (7th Cir. June 22, 2023) (holding that the Court did not have jurisdiction to address the post-judgment motion because the notice of appeal preceded that judgment and "thus did not designate, the denial of the second post-judgment motion as an order on appeal"); *Sosebee v. Astrue*, 494 F.3d 583, 590 (7th Cir. 2007) (holding that the Court lacked jurisdiction to address the Rule 60(b) motion where the motion was decided after the notice of appeal was filed and the appellant did not file a new notice of appeal); *Ho v. Abbot Laboratories, Inc.*, 618 F. App'x 852, 855 (7th Cir. 2015) (holding that it did not have jurisdiction to address the 60(b) motion where the appellant filed the notice of appeal prior to the district court's denial of the motion and did not amend the notice of appeal).

Similarly here, this Court does not have jurisdiction to review the order denying Johnson's post-judgment motion—whether it was a Rule 59(e) or a Rule 60(b) motion—since Johnson failed to file an amended notice of appeal. Johnson filed his notice of appeal on July 27, 2023 (R.135). The district court did not deny his post-judgment motion until October 2, 2023 (R.144). After this ruling was issued, Johnson did not file an amended notice of appeal as required (*see* docket). When

Johnson initially sought his appeal, he did not yet know the outcome of his post-judgment motion as the district court had not issued its ruling. Before a decision is made, neither party knows whether the decision will be favorable or adverse to their interests. *Wall Guy, Inc. v. Federal Deposit Insurance Corp.,* 95 F.4th 862, 869 (4th Cir. 2024). Filing a notice before the decision is made by the court does not suffice as giving notice of a party's intent to appeal as no party yet knows the decision.

Thus, this Court does not have jurisdiction over the order denying Johnson's post-judgment motion because he did not file a notice of appeal challenging that order. *See Nestorovic,* 926 F.3d at 430–31.

## II.
### Johnson waived any challenge to the district court's summary judgment order because he does not challenge the merits on appeal.

Johnson does not challenge the merits of the district court's summary judgment order. Instead, he claims only that the district court misconstrued his post-judgment motion as a Rule 59(e) motion instead of a Rule 60(b) motion, and that the summary judgment order was void because he was denied due process (*see* Johnson's Br. 9–16). Johnson has therefore waived any challenge as to the merits of his Eighth Amendment claims against Defendants. *See Trask v. Rodriguez,* 854 F.3d 941, 944 (7th Cir. 2017) (holding that because the appellant did not challenge on appeal the district court's reasons for granting summary judgment, she "waived any claim of error"); *United States v. Crisp,* 820 F.3d 910, 912 (7th Cir. 2016) (recognizing that "'an issue that could have been raised on appeal but was not is

waived'" (quoting *United States v. Whitlow*, 740 F.3d 433, 438 (7th Cir. 2014))).

Johnson has therefore waived any claim of error with regard to the substance of the

district court's order entering summary judgment in favor of Defendants.

Further, because Johnson waived any challenge to the substance of the

summary judgment order and essentially only challenges the district court's order

denying his post-judgment motion for which this Court does not have jurisdiction to

review, *see* Fed. R. App. P. 4(a)(4)(B)(ii); *Gilmore*, slip op. *2, he has waived his

entire argument on appeal.

### III.
### The district court correctly denied Johnson's post-judgment motion because the judgment was not void as Johnson received adequate process.

The district court correctly denied Johnson's post-judgment motion because

Johnson was provided adequate due process. The Court reviews the denial of a Rule

59(e) or a Rule 60(b) motion for an abuse of discretion. *Cincinnati Life Ins. Co. v.

Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013). An abuse of discretion occurs "when no

reasonable person could agree with the decision of the district court." *Id.* (cleaned

up). District courts, however, have no discretion to deny a Rule 60(b)(4) motion

where the party correctly asserts that the judgment is void. *Philos Techs., Inc. v.

Philos & D, Inc.*, 645 F.3d 851, 855 (7th Cir. 2011). The Court therefore reviews an

order denying a Rule 60(b)(4) motion de novo. *Hill v. Baxter Healthcare Corp.*, 405

F.3d 572, 576 (7th Cir. 2005); *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 423 (7th

Cir. 1998).

Here, even considering the difference in the standard of review, it does not matter how the district court construed Johnosn's post-judgment motion because he failed to show that he was denied due process and is therefore not entitled to relief under either rule. The district court considered whether Johnson had notice of the summary judgment briefing—which was the argument he made in his motion—and it determined that he had sufficient notice and an opportunity to respond. Regardless of whether it was a Rule 59(e) or a 60(b) motion, the district court correctly denied Johnson's motion because Johnson's due process rights were not violated.

## A. Johnson is not entitled to reversal based on the district court's characterization of his post-judgment motion because he was not prejudiced.

This Court has long held that a post-judgment motion filed before the 10-day (now 28-day) deadline is a Rule 59(e) motion. *Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2021); *Cincinnati Life Ins. Co.*, 722 F.3d at 953; *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin*, 957 F.2d 515, 517 (7th Cir. 1992); *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986). Courts treated the post-judgment motion as a Rule 59 motion instead of a Rule 60 motion to prevent parties from accidentally forfeiting their right to appeal because Rule 60 did not toll the deadline to appeal. *See Charles*, 799 F.2d at 347 (recognizing that so parties do not unknowingly forfeit appeals, courts will often treat a post-judgment motion timely filed within 10 days as a Rule 59(e) motion).

Since Federal Rule of Appellate Procedure 4 was amended to toll the deadline to appeal for a Rule 60(b) motion filed within 28 days of the judgment (or 10 days as initially required), *see* Fed. R. App. P. 4(a)(4)(A)(vi), there has not been as much clarity on whether a post-judgment motion filed within 28 days is construed as a Rule 59. For instance, in *Borrero v. City of Chicago*, this Court recognized the amendment to Rule 4 and that under the amended rule, "a Rule 60(b) motion filed within 10 days after the judgment tolls the time for appeal … [and] the motion is evaluated by the district court under the standard set forth in Rule 60(b). 456 F.3d 698, 701 (7th Cir. 2006); *see also Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (recognizing that since the amendment to Rule 4, "courts should be analyzing Rule 60(b) motions under that standard, not under the standard of Rule 59(e)"). But more recently, in 2021, this Court in Krivak, recognized that "all substantive motions filed within the time period described by Rule 59(e) fall under that Rule regardless of the lingo associated with the post-judgment motion." 2 F.4th at 604. The Supreme Court has also recognized that courts have long treated post-judgment motions filed within 10 or 28 days as Rule 59(e) motions. *See Banister v. Davis*, 590 U.S. 504, 520 n.9 (2020).

Given the lack of clarity in how a post-judgment motion should be construed, it is reasonable that the district court relied on the fact that Johnson's motion was filed within the 28-day timeline, and so it was a Rule 59(e) motion. *See Cincinnati Life Ins. Co.*, 722 F.3d at 954 ("The district court's treatment makes procedural sense because both motions were filed within the 28-day time limit that Rule 59(e)

prescribes"). The district court's characterization was reasonable and consistent with recent Seventh Circuit and United States Supreme Court precedent. *See Banister*, 590 U.S. at 520 n.9; *Krivak*, 2 F.4th at 604.

The district court correctly applied the Rule 59(e) standard. To be successful on a Rule 59(e) motion, the movant must clearly establish "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co.*, 722 F.3d at 954 (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). As explained in more detail below, the district court correctly found that there was no manifest error of law or fact because Johnson had notice of the summary judgment motions and had an opportunity to respond. But even if the district court erred in treating Johnson's motion as a Rule 59(e) motion instead of a Rule 60(b) motion, he is not entitled to reversal because he suffered no prejudice and was not entitled to the judgment being vacated under either standard.

A district court's mistake in determining what rule a post-judgment motion should be analyzed under, it is not automatically reversible error. In *Obreicht*, this Court held that the district court should have construed the pro se prisoner's motion as a Rule 59(e) motion instead of a Rule 60(b) motion because it was based on errors in the application of law. 517 F.3d at 494. The Court, however, went on to affirm the judgment because even construing Obriecht's motion under Rule 59(e), the district court correctly denied the motion. *Id.*; *see also Peacher v. Talbot*, 840 F. App'x 37, 40 (7th Cir. 2021) (holding that the district court did not err in construing the post-

judgment motion as a Rule 59(e) instead of a Rule 60(b) motion but that even under Rule 60(b), Peacher would not have prevailed). In *Cincinnati Life Insurance*, this Court recognized that the threshold of proof for a Rule 59(e) motion is less than a Rule 60(b) motion. 722 F.3d at 953. For a Rule 59(e) motion, the "movant must 'clearly establish' grounds for relief as a 'contrast' with the 'extraordinary remedy' of Rule 60 relief." *Id.* (quoting *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). The Court in that case recognized that even if it had misconstrued the appellant's argument, she was not prejudiced because "if she could not meet the lower Rule 59(e) burden in the district court, she would not have met the higher Rule 60(b) burden." *Id.*

Here, even if the district court mistakenly treated Johnson's post-judgment motion as a Rule 59(e) motion, he is not entitled to reversal because he was not prejudiced (*contra* Johnson's Br. 11). While the district court cited Rule 59(e) and its standard for demonstrating a manifest error of law or facts or newly discovered evidence, the district court addressed Johnson's argument regarding him not receiving notice (*see* R.144). Specifically, the district court acknowledged Johnson's contention that he did not receive the summary judgment motions and found that Johnson admitted to receiving the prior order of the district court denying the motions for summary judgment and the deadline for Defendants to re-submit their briefs (R.144 at 2). The district court further found that Johnson had notice that Defendants should be promptly re-filing their motions (R.144 at 2), and Johnson still took no action. It is thus not as if the district court ignored Johnson's

arguments regarding due process and not receiving the motions and found only that it correctly applied the Eighth Amendment law. Further, as explained in more detail below, the district court correctly denied Johnson's motion even construing it as a Rule 60(b) motion because the judgment was not void as he was provided the process that was due.

The district court's characterization of Johnon's motion is thus not grounds for reversal.

## B. Johnson had sufficient due process and therefore the order granting summary judgment was not void.

Johnson had sufficient process during the summary judgment proceedings and therefore the summary judgment order was not void. "A judgment is void and should be vacated pursuant to Rule 60(b)(4) if 'the court that rendered the judgment acted in a manner inconsistent with due process of law.'" *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 (7th Cir. 2007). Due process is a "flexible concept" that is dependent on the situation at hand. *Orozco v. Dart*, 64 F.4th 806, 818 (7th Cir. 2023) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)). It, however, embodies notice and an opportunity to be heard. *Orozco*, 64 F.4th at 818 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)); *see also Grun*, 163 F.3d at 423.

The district court does not violate due process simply because it grants summary judgment instead of proceeding to a trial. *Burks v. Wisconsin Dep't of Transp.*, 464 F.3d 744, 759 (7th Cir. 2006); *Koski v. Standex Intern Corp.*, 307 F.3d 672, 676 (7th Cir. 2002). All Rule 56 requires is that the nonmovant be provided

"notice and a reasonable time to respond" to the motion for summary judgment. Fed. R. Civ. P. 56(f). If the movant has shown that there are no genuine issues of material fact and it is entitled to judgment, the court may grant the motion, even when the nonmovant fails to address the assertions. Fed. R. Civ. P. 56(e). When a defendant moves for summary judgment in case involving a *pro se* plaintiff, the plaintiff must be warned in plain English about the consequences of not opposing the motion with admissible evidence. *Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Bryant v. Madigan*, 91 F.3d 994, 995 (7th Cir. 1996); *Kincaid v. Vail*, 969 F.2d 594, 599 (7th Cir. 1992); *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982); *see also* N.D. Ind. L.R. 56-1(f).

This Court has held that the district court did not deny a pro se plaintiff due process rights where the district court entered summary judgment in favor of the defendant and the plaintiff argued she did not receive notice of the motion. In *Trask*, a pro se plaintiff moved to set aside Defendant's motion for summary judgment on the ground she had never received their motion for summary judgment. 854 F.3d at 944. This Court recognized that the district court was unimpressed by Trask's argument that she had not received the motion, noting that several items had been mailed to her, including the court's order denying her motion to dismiss—which should have alerted her to the pending motion for summary judgment. *Id.* As Trask conceded that she had received notice of the order denying her motion for voluntary dismissal—an order that explicitly warned her that she had to respond to the motion for summary judgment—the court found her

argument that she had not received notice of the motion for summary judgment unpersuasive. *Id.* This Court affirmed the district court's order for the same reason. *Id.*

Similar to the circumstances in *Trask*, Johnson's due process rights were not violated because he had an opportunity to respond and failed to avail himself of that opportunity. The district court reasonably found Johnson's argument that he did not receive notice unpersuasive. While Johnson argued in his motion to vacate that he did not receive the summary judgment motions, State Defendants and Medical Defendants served Johnson with their respective motions and the summary judgment notice required by *Lewis* (R.122; R.123; R.124; R.125; R.126; R.127; R.128). Further, Johnson was on notice that Defendants were going to be re-filing their motions for summary judgment within two weeks and did nothing when he allegedly did not receive them. On January 19, 2023, the district court denied Defendants first motions for summary judgment because Johnson claimed he had not been served and ordered that Defendants should re-file their motions within 14 days (R.121). The district court informed Johnson that if he wished for the court to take action, he should file a motion and not a notice (R.121 at 2). Johnson admittedly received the district court's January 19 order (R.134 at 1 ¶2).

The same day the district court entered that order, Medical Defendants again moved for summary judgment and re-served Johnson with the motion and notice at the VA DOC address where the district court also served Johnson with the order granting summary judgment (R.122; R.123; R.124; R.125; R.129). State Defendants

refiled and reserved their motion for summary judgment and notice on January 31 and served Johnson at the VA DOC address, again where Johnson received the district court's order (R.126; R.127; R.128; R.129). Neither State Defendants nor Medical Defendants received the motions and notices back as undeliverable (R.138 at 2; R.140 at 2).

The district court waited five months after it issued its January 19 order before ruling on the summary judgment motions (R.129). During that time, Johnson did nothing. He filed no motions with the court regarding the status of the case or whether Defendants had refiled their motions for summary judgment. While Johnson is not normally obligated to check with the court on whether a summary judgment motion has been filed, there are consequences that can be imposed by the court for his absence and failure to keep the case moving forward. *See* Fed. R. Civ. P. 41(b). Johnson knew the summary judgment motions were coming and did nothing after he allegedly did not receive them despite the court informing him that he could file a motion (*see* R. 121). It is a stretch for Johnson to argue he never received either of Defendants' dispositive motions after being served both motions twice (for a total of four different filings) and failing to respond to any. As in *Trask*, the district court was unpersuaded by Johnson's argument that he did not receive notice of the re-filed motions. *See Trask,* 854 F.3d at 944. Johnson had an opportunity to respond and present evidence contrary to the Defendants' motions for summary judgment and he did not avail himself of that opportunity.

This case is distinguishable from *New York Life Insurance Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996) (*contra* Johnson's Br. 15–16). In that case, the Fifth Circuit held that the judgment was void because the defendant did not have notice of the summary judgment motion and therefore, he was denied due process. *New York Life Insurance Co.*, 84 F.3d at 143. But there, the defendant defaulted after appearing in the suit because he did not answer the complaint within the required amount of time. *Id.* at 141. Instead of moving for a default judgment, the plaintiff moved for summary judgment without providing notice to Alvin. *Id.* The only notice sent to Alvin was from the district court to an address it knew to be invalid and knew, or should have known, was not his last known address. *Id.* at 142.

But here, both Medical Defendants and State Defendants re-served Johnson with the motions for summary judgment and notices to the address where he was incarcerated and to the address he last provided to the court and Defendants (R.122; R.123; R.124; R.125; R.126; R.127; R.128). In addition, prior to that, the district court had sent Johnon the January 19 order indicating Defendants would be re-filing their motions for summary judgment within 14 days and Johnson admitted to receiving that order (R.121; R.134 at 1 ¶2). Still, Johnson did nothing when he allegedly did not receive the motions until five months later when the district court granted the summary judgment motions. This is not at all a case like *New York Life* because the district court found Johnson received proper service and that he knew the summary judgment motions were coming and did nothing (*see* R.144). And

regardless, this case is not binding on the Court because it is from a different circuit.

Johnson thus failed to show that his due process rights were violated when the district court rendered its decision and therefore the court neither abused its discretion nor erred when it denied his post-judgment motion.

## CONCLUSION

For the foregoing reasons, this Court should affirm the district court's order granting summary judgment in favor of Defendants and dismiss Johnson's appeal of the order denying his motion to vacate.

Respectfully submitted,

THEODORE E. ROKITA
Indiana Attorney General

*/s/ Abigail R. Recker*
ABIGAIL R. RECKER
Deputy Attorney General
Office of Indiana Attorney General
302 W. Washington St, 5th Floor
Indianapolis, Indiana 46204
317-234-7103
Abigail.Recker@atg.in.gov

*/s/ Rachel D. Johnson*
RACHEL D. JOHNSON
Attorney at Law
Stoll Keenon Ogden PLLC
334 North Senate Avenue
Indianapolis, Indiana 46204
317-464-1100
Rachel.Johnson@skofirm.com

*Counsel for State Defendants*

*Counsel for Medical Defendants*

## FED. R. APP. P. 32(g) WORD COUNT CERTIFICATE

Pursuant to Fed. R. App. P. 32(g), the undersigned counsel for the Appellees certifies that this brief complies with the type-volume limitations of Circuit Rule 32(c) because the brief contains 6,596 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief has been prepared in a proportionally spaced typeface using Microsoft Word in font size 12, Century Schoolbook typeface for the text and font size 12 for footnotes. *See* Cir. R. 32(b).

/s/ Abigail R. Recker
ABIGAIL R. RECKER
Deputy Attorney General

*Counsel for State Defendants*

/s/ *Rachel D. Johnson*
RACHEL D. JOHNSON
Attorney at Law

*Counsel for Medical Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using CM/ECF system. I further certify that the other participant in this case is a CM/ECF user.

*/s/ Abigail R. Recker*
ABIGAIL R. RECKER
Deputy Attorney General

*Counsel for State Defendants*

OFFICE OF INDIANA ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South
302 West Washington Street, Fifth Floor
Indianapolis, Indiana 46204-2770
317-234-7103 (telephone)
Abigail.Recker@atg.in.gov