No. 23-2478

# In the United States Court of Appeals for the Seventh Circuit

―――――――――――――――――――

KEVIN JOHNSON

*Plaintiff-Appellant*,

v.

MARTIN PURDUE, et al.,

*Defendants-Appellees.*

―――――――――――――――――――

On Appeal from the United States District Court
for the Southern District of Indiana
No. 1:21-cv-201 (Hon. Jane Magnus-Stinson)

―――――――――――――――――――

**REPLY BRIEF**

―――――――――――――――――――

Samuel Weiss
D Dangaran
RIGHTS BEHIND BARS
416 Florida Ave., N.W.
Washington, DC 20001
(202) 455-4399
sam@rightsbehindbars.org

*Counsel for Kevin Johnson*

June 12, 2024

# RULE 26.1 DISCLOSURES

Pursuant to FRAP 26.1 and the Seventh Circuit equivalent, Plaintiff-Appellant Kevin Johnson offers the following disclosures:

Plaintiff-Appellant Kevin Johnson is an individual and not a subsidiary or affiliate of a publicly owned corporation.

No publicly traded corporation has a financial interest in the outcome of this appeal.


Date: June 12, 2024

/s/ D Dangaran
D Dangaran
RIGHTS BEHIND BARS
416 Florida Avenue NW #26152
Washington, D.C. 20001

*Counsel for Appellant Kevin Johnson*

# TABLE OF CONTENTS

**RULE 26.1 DISCLOSURES** ................................................................. I

**TABLE OF CONTENTS** ..................................................................... II

**TABLE OF AUTHORITIES** .............................................................. III

**DISCUSSION** ....................................................................................... 1

    I.    THIS COURT HAS APPELLATE SUBJECT MATTER JURISDICTION. ... 1

    II.   THE DISTRICT COURT ERRED IN CONSTRUING JOHNSON'S MOTION AS A RULE 59(E) MOTION TO AMEND THE JUDGMENT RATHER THAN A RULE 60(B)(4) MOTION TO VOID THE JUDGMENT. ................................ 5

    III. THE DISTRICT COURT'S ORDER VIOLATED JOHNSON'S DUE PROCESS RIGHTS. ................................................................................ 9

**CONCLUSION** ................................................................................... 12

**CERTIFICATE OF COMPLIANCE** ................................................ 13

**CERTIFICATE OF SERVICE** .......................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Banister v. Davis*, 590 U.S. 504 (2020) ................................................. 6, 7
*Bell v. Eastman Kodak Co.*, 214 F.3d 798 (7th Cir. 2000) ....................... 6
*Caudill v. Hollan*, 431 F.3d 900 (6th Cir. 2005) .................................. 1, 2
*Dice Corp. v. Bold Techs.*, 556 F. App'x 378 (6th Cir. 2014) .................. 2
*Gilmore v. Anderson*, No. 22-2989, 2023 WL 4118577 (7th Cir. June 22, 2023) ........................................................................................................ 3
*Gonzalez v. Crosby*, 545 U.S. 524 (2005) ................................................ 7
*Harvey v. Town of Merrillville*, 649 F.3d 526 (7th Cir. 2011) ................ 4
*Ho v. Abbott Lab'ys., Inc.*, 618 F. App'x 852 (7th Cir. 2015) .................. 3
*Katerinos v. U.S. Dep't of Treasury*, 368 F.3d 733 (7th Cir. 2004) ........ 3
*Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) ............................. 10, 11
*Moran Foods, Inc. v. Mid-Atl. Mkt. Dev. Co.*, 476 F.3d 436 (7th Cir. 2007) ........................................................................................................ 4
*Ostergren v. Frick*, 856 F. App'x 562 (6th Cir. 2021) ............................. 2
*Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746 (7th Cir. 1995) ................................................................................................. 5, 6, 8
*Smith v. Barry*, 502 U.S. 244 (1992) .................................................... 3, 4
*Sosebee v. Astrue*, 494 F.3d 583 (7th Cir. 2007) ..................................... 3
*Trask v. Rodriguez*, 854 F.3d 941 (7th Cir. 2017) ........................... 10, 11
*United States v. Dowell*, 257 F.3d 694 (7th Cir. 2001) ........................... 4

**Rules**

Fed. R. App P. 4 advisory committee's note to 1967 amendment ............ 4
Fed. R. App. P. 3 advisory committee's note to 2021 amendment ........... 5
Fed. R. App. P. 4 advisory committee's note to 1993 amendment ........... 5
Fed. R. App. P. 4(a)(4)(B)(ii) .................................................................... 1

# DISCUSSION

**I.     This Court Has Appellate Subject Matter Jurisdiction.**

As Defendants explain in their answering brief, Federal Rule of Appellate Procedure 4(a)(4)(B)(ii) requires appellants to file an amended notice of appeal when they "challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion." Although Johnson discussed materials raised in a Rule 60 post-judgment motion, his challenge was to the order granting summary judgment to Defendants, not any amendment, alteration, or order issued in response to his Rule 60 motion. *See* Op. Br. 1 (noting in his jurisdictional statement that "[t]his appeal is taken from the final decision of the Southern District of Indiana entered on June 22, 2023" granting summary judgment to Defendants); *id.* at 16 (noting in Johnson's conclusion that he sought vacatur of the district court's order granting summary judgment and entering final judgment and a remand for further proceedings). The question before this Court is whether the district court's summary judgment order violated Johnson's due process rights. This Court squarely has appellate subject matter jurisdiction over that question.

A series of Sixth Circuit cases help elucidate the distinction between cases on appeal from a Rule 60 motion and appeals that are taken from a preceding order for final judgment. In *Caudill v. Hollan*, the Sixth Circuit explained that when parties raise brand new issues in a post-judgment motion, the court is obligated to require a

second notice of appeal; alternatively, when "the post-judgment motions relate to issues raised before judgment, the appellate court will deal with them anyway." 431 F.3d 900, 906 (6th Cir. 2005); *see also Dice Corp. v. Bold Techs.*, 556 F. App'x 378, 383 (6th Cir. 2014) ("Although the case law speaks of issues raised before the 'final order' or the 'final judgment,' there is no principled reason to hold that this language bars consideration of issues raised before the last order appealed. The only concern motivating this jurisprudence is compliance with the Federal Rules of Appellate Procedure's notice requirement. Parties receive the same notice of the issues on appeal whether they were raised in a notice of appeal of a motion granting summary judgment or subsequent motion for indicative ruling. What matters is that the issues flagged in the notice of appeal have already been raised." (citations omitted)); *Ostergren v. Frick*, 856 F. App'x 562, 573 (6th Cir. 2021) ("[T]he key question is whether the issue in the Rule 59 motion was raised prior to the final judgment. If so, the 'judgment' referenced in [the appellant's] notice of appeal suffices to preserve the issue for appeal. The 'dividing line is the last appealed judgment: issues raised before the last appealed judgment will be considered, issued raised after will not.'" (quoting *Dice Corp.*, 556 F. App'x at 383)). Johnson had repeatedly raised the issue of interference with mail and inadequate notice before filing the Rule 60 motion, including concerning the very motion for summary judgment in question. Op. Br. 2–6.

2

None of the precedent that Defendants marshal in their answering brief is analogous to the case at hand as all involve appellants seeking relief from the post-judgment ruling directly on new issues. *Katerinos v. U.S. Dep't of Treasury*, Defendants' primary authority, did not create law on the question but simply described the rule of Fed. R. App. P. 4(a)(4)(B) in dicta. *See* 368 F.3d 733, 738 (7th Cir. 2004). In *Ho v. Abbott Laboratories, Inc.*, this Court declined jurisdiction over a Rule 60(b) motion by a *pro se* plaintiff "complain[ing] about various discovery violations," which the district court denied specifically because she "could have" but did not raise them earlier in the proceedings. 618 F. App'x 852, 854 (7th Cir. 2015). In *Gilmore v. Anderson*, this Court held that it had no jurisdiction to consider a post-judgment motion to amend that introduced entirely new allegations into the case. No. 22-2989, 2023 WL 4118577, at *2 (7th Cir. June 22, 2023). In *Sosebee v. Astrue*, this Court mentioned the Rule 60(b) motion at issue only in passing and there is no information about what it concerned. 494 F.3d 583, 585–86 (7th Cir. 2007). Defendants point to no cases where a post-judgment motion raised issues already present in the case and this Court declined jurisdiction.

Even were there ambiguity in whether Johnson's *pro se* notice of appeal complied with the Federal Rules of Appellate Procedure, the U.S. Supreme Court has explained that those Rules are meant to be "liberally construe[d]" as to notices of appeals. *See Smith v. Barry*, 502 U.S. 244, 248 (1992) (describing Federal Rule

of Appellate Procedure 3, which governs notices of appeals). As a result, when papers "are technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Id.* (alteration in original) (quotation marks omitted). This Court has elaborated on the principle, explaining that "as a general rule 'inept' attempts to comply with Rule 3(c) are accepted as long as the appellee is not harmed." *Harvey v. Town of Merrillville*, 649 F.3d 526, 528 (7th Cir. 2011) (quoting *Moran Foods, Inc. v. Mid-Atl. Mkt. Dev. Co.*, 476 F.3d 436, 440 (7th Cir. 2007) (quotation marks omitted)). "That means that 'an error in designating the judgment will not result in a loss of appeal if the intent to appeal from the contested judgment may be inferred from the notice and if the appellee has not been misled by the defect.'" *Id.* (quoting *United States v. Dowell*, 257 F.3d 694, 698 (7th Cir. 2001)). Defendants have not even suggested that they suffered any prejudice from any potential defect Johnson's filing of his notice of appeal.

This liberal reading is part of a broader project of the federal appellate courts to prevent appellate cases being decided by inadvertent mistakes regarding notices of appeals. The original 1967 adoption of the Federal Rules of Appellate Procedure superseded aspects of the Bankruptcy Act that the rules committee decided was "a potential trap for the uninitiated." Fed. R. App P. 4 advisory committee's note to 1967 amendment. In 1993, the Federal Rules of Appellate Procedure were amended

4

to fix an earlier amendment that had "created a trap for an unsuspecting litigant who files a notice of appeal before a posttrial motion." Fed. R. App. P. 4 advisory committee's note to 1993 amendment. In 2021, Rule 3 was significantly amended to simplify the notice of appeal requirement, with the advisory committee noting that previous appellate decisions that required elaboration in the notice "inadvertently create[d] a trap for the unwary." Fed. R. App. P. 3 advisory committee's note to 2021 amendment.

Even were there ambiguity in whether this Court had jurisdiction over Johnson's appeal, the drafters of the Federal Rules of Appellate Procedure and appellate courts alike have insisted that the such ambiguities in the rules are meant to resolve in favor of mere notice for appellees rather than a trap for an unwary and *pro se* litigant.

## II. The District Court Erred in Construing Johnson's Motion as a Rule 59(e) Motion to Amend the Judgment Rather Than a Rule 60(b)(4) Motion to Void the Judgment.

Johnson explained in his opening brief that Rule 59(e) "enables a district court to correct its own errors" whereas Rule 60(b) was "designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." Op. Br. 10 (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). Johnson discussed the several reasons his post-judgment motion was plainly the latter, including that he invoked the due process clause,

sought to "void" the judgment rather than alter it, and focused on the error of process rather than any legal error made by the court. *Id.* This Court has explained in detail the different roles of Rule 59(e) and Rule 60(b) motions in *Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995), and *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). Defendants do not address this argument in any way or otherwise address this Court's law on the distinction between the two types of motions. They do not even mention this Court's opinions in *Russell* and *Bell*.

Instead, Defendants rely exclusively on language from this Court and the U.S. Supreme Court that indicates that courts treat post-judgment motions filed within 28 days as Rule 59 motions, not Rule 60 ones. *See* Ans. Br. 15–16. These statements, however, are not as expansive as Defendants would have it. Rule 59 and Rule 60 motions until recently had large differences in how their resolution effected appellate jurisdiction, and they retain some. *See id.* This Court and the U.S. Supreme Court have explained that Rule 60 motions filed within 28 days (as Rule 59 motions must be) are treated the same as Rule 59 motions for purposes of appellate jurisdiction. This does not mean that they are treated the same substantively.

*Banister v. Davis*, a key source for Defendants, illustrates this point. 590 U.S. 504 (2020). *Banister* considered whether in the context of a habeas case, a Rule 59(e) motion counted as a successive habeas petition, which federal law strictly limits. *See*

*id.* at 510–11. A previous case had already held that Rule 60(b) motions did count as such. *See id.* at 517–18 (citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). *Banister* held that they did not, explaining the many distinctions between Rule 59(e) motions, which can only be filed within 28 days, and Rule 60 motions, which can be filed months or years later. *See id.* at 518–20. The Court specifically pointed out their different treatment in terms of appellate jurisdiction. *See id.* at 520. In doing so, the Court noted Texas's unavailing argument observing that the two rules are treated the same regarding appellate jurisdiction, if and only if, Rule 60 motions are filed within 28 days. *See id.* at 520 n.9.

In the language quoted by Defendants, the Court responded by pointing out that undermining Texas's argument was the fact that, in this circumstance, courts "have long treated Rule 60(b) motions filed within 28 days as . . . Rule 59(e) motions." *Id.* (alteration in original). The Court did not mean the motions were the same for every purpose—as they serve entirely different ends—but rather for the purpose Texas raised. Making this clearer, the Court cited as support for this proposition "Fed. Rule App. Proc. 4(a)(4)(A)(vi) (codifying that approach by setting the same appeals clock for self-styled Rule 60(b) motions filed within 28 days as for Rule 59(e) motions)." *Id.* Rule 4(a)(4)(A)(vi) equates Rule 59 motions and motions "for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59." Rule 4, which codified the "approach" the Court described,

7

is exclusively about appellate jurisdiction and has nothing to say about the substantive standards that courts should apply. Indeed, per Defendants' argument, Rule 4's description of Rule 60 motions filed within 28 days would be incoherent, as their entire argument is that there is no such thing as any Rule 60 motion filed within 28 days.

Finally, Defendants argue that the district court's order did not prejudice Johnson because the Rule 60(b) standard bears a higher burden of proof than the Rule 59(e) standard. Ans. Br. 18. Often the case but not here. As this Court has explained, Rule 59(e) "enables a district court to correct its own errors" whereas Rule 60(b) was "designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell*, 51 F.3d at 749. Because Johnson sought the latter, the district court's application of the Rule 59(e) standard made it impossible for him to meet his burden. Defendants also suggest that Johnson was not prejudiced because "the district court addressed Johnson's argument" regardless. Ans. Br. 18. This requires ignoring the district court's own conclusion: "*Because* Mr. Johnson has identified no error in the Court's order granting the defendants' motions for summary judgment, his motion to vacate, dkt. [134], is DENIED." AA-5 (emphasis added).

## III. The District Court's Order Violated Johnson's Due Process Rights.

Johnson's due process rights were violated when summary judgment was entered against him despite him never receiving notice of the filing of the motion. As explained in Johnson's opening brief, the record is replete with evidence of mail malfunctions including the prison rejecting mail from the court. Op. Br. 13–14. Johnson also swore under penalty of perjury that he never received the motions. AA-16–17. As an incarcerated and *pro se* plaintiff, he could not possibly have done more to demonstrate that he never received a copy of the motions for summary judgment.

Johnson argued in his opening brief that Defendants, by contrast, work in a facility where all mail is carefully logged and recorded; Defendants therefore had access to information that Johnson did not. Op. Br. 12–13. They nonetheless provided no evidence that Johnson actually received his legal mail and took no steps to ensure that he did, even though staff previously interfered with his access to legal mail. Defendants did not contest this characterization in their answering brief but simply reassert that they "served Johnson," citing to nothing other than attorney certifications that they sent their motions by first-class mail to the same address where the previous mailings did not arrive. Ans. Br. 21; *see also id.* at 5–6.

In short, Johnson put forth evidence that he never received his legal mail, as was consistent with the broader record, and Defendants provided no evidence that

9

he did. Defendants may find Johnson's sworn statements "a stretch," Ans. Br. 22, but if they believed Johnson was perjuring himself, they could have easily gathered the available evidence disproving his statements rather than insinuating to this Court that he is lying with no evidence to support their suggestion.

Once Defendants' unsupported speculation is set aside, this Court is left with the actual holding of the district court, which is that Johnson should have intuited that Defendants may have filed for summary judgment, that his mail was interfered with to prevent him from learning about it, and he should have contacted the court to inform it of his speculations and confirm whether they were true. *See* AA-5. The Due Process Clause and Rule 56(e) require more. The non-moving party must receive actual notice of the requirements of summary judgment before it is granted against him. *See Lewis v. Faulkner*, 689 F.2d 100, 101–02 (7th Cir. 1982).

This Court's opinion in *Trask v. Rodriguez* does not compel a different outcome even though it also involved a plaintiff who claimed to have not received copies of a motion for summary judgment. 854 F.3d 941, 943–44 (7th Cir. 2017). First, the basis for the district court's decision was totally different: the district court concluded that the plaintiff had in fact received the motion, *see id.*—not, as here, that even assuming the plaintiff did not receive the motion, due process was not violated. Second, the district court in *Trask* had good reason to come to its different conclusion: there was no history of interference with mail, including from the court;

the plaintiff was not incarcerated where prison staff had the ability to interfere with service; and the defendants did not have but disregard the option to prove that the plaintiff had in fact received the mail. Most importantly, the plaintiff in *Trask* conceded that she received other documents that explicitly referenced a pending motion for summary judgment and failed to act. *Id.* at 944. Johnson did not receive such a notice until the district court's ruling, after which he acted immediately.

Defendants eliminate one of the key distinctions in *Trask* by conflating the plaintiff's information from the court (that a summary judgment motion had been filed) with Johnson's (that a summary judgment motion may be filed in the future). Defendants write that "Johnson knew the summary judgment motions were coming." Ans. Br. 22. But he did not know this for a certainty. The district court order instructed Defendants to refile their motions for summary judgment within fourteen days if they wished—filing for summary judgment is, of course, not mandatory. AA-31. In turn, "Mr. Johnson [had] 28 days after service of those motions to respond," were they filed. *Id.* But Johnson swore that he was never served. AA-16–17. As a result, the judgment against him violated his due process rights. *See Lewis*, 689 F.2d at 101–02.

## CONCLUSION

Johnson respectfully asks the Court to reverse the judgment below and remand the case so that he can receive and oppose Defendants' motions for summary judgment on the merits.


Date: June 12, 2024

*/s/ D Dangaran*
D Dangaran
Samuel Weiss
Rights Behind Bars
416 Florida Avenue NW #26152
Washington, DC 20001

*Attorneys for Appellant Kevin Johnson*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,732 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word with a Times New Roman 14-point font.

Date: June 12, 2024

/s/ D Dangaran
D Dangaran
RIGHTS BEHIND BARS
416 Florida Avenue NW #26152
Washington, D.C. 20001

*Counsel for Appellant Kevin Johnson*

# CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: June 12, 2024

/s/ D Dangaran
D Dangaran
RIGHTS BEHIND BARS
416 Florida Avenue NW #26152
Washington, D.C. 20001

*Counsel for Appellant Kevin Johnson*
